## G. V. WATSON AND OTHERS v. TOWNS OF SOUTH SIDE AND FRENCH LAKE.[1]

December 31, 1931.

No. 28,659.

[1]Reported in 239 N. W. 913.

112

*S. A. Johnson* and *T. P. Welch,* for appellants.
*Thompson, Hessian & Fletcher,* for respondents.

LORING, J.

On appeal to the district court from an order of the town boards of French Lake and South Side, Wright county, refusing to lay out and establish a cartway, the respondents (appellants there) prevailed on the ground that the boards acted upon an erroneous theory of the law and without appreciating the petitioners' legal rights, and the court reversed the order with directions to the boards to proceed in accordance with G. S. 1923 (1 Mason, 1927) § 2588(5). The boards have appealed from an order denying a new trial.

The respondents, hereinafter called the petitioners, own lots and tracts of lands near the north end of an irregular peninsula which lies between Twin Lake and Lake Sylvia in South Side township. At the north end of the peninsula is a channel over 300 feet wide at its narrowest part. This channel connects the two lakes and is navigable for pleasure craft. The proposed cartway runs along the peninsula to the south in order to connect with a public highway, and for nearly half the distance it follows an existing private road. The principal objectors to the cartway are the owners of small tracts of land lying along the peninsula to the south of petitioners' holdings. These owners desire to keep their property in a wild state.

The town boards object to the petition on the ground that G. S. 1923 (1 Mason, 1927) § 2585(2) contemplates a petition by a single owner only. We do not so interpret the statute. We apprehend that owners of tracts which aggregate five acres might join in a petition. Here we have one owner, who has a tract of eight acres, and the remaining petitioners own eight acres.

We find no fault with the petition on that ground.

■ The boards also claim that there was another practicable route of access by bridging the channel to the north and that the expense of establishing the proposed cartway is prohibitive. We believe the trial court was correct in regarding the bridging scheme as impractical and in holding that the proposed route to the south is the only practicable means of access to petitioners' property. That being the case, if this route was reasonably practicable, the boards were bound to adopt it, varying it within reasonable limits if advisable. The evidence is conclusive that it is practicable. Johnson v. Town of Chisago Lake, 122 Minn. 134, 136, 141 N. W. 1115, 1116. This court in discussing cartways said in that case [122 Minn. 136]:

"The statute gives him a right under the conditions such as then existed to petition for a road and it requires the town board to grant him one."

It is true that the right was conceded, but we think rightly so. We do not regard the change of the language from "required," as it was when the Chisago Lake case was decided, to "the town board shall," as effected by L. 1913, p. 290, c. 235, § 55 (now § 2585, subd. 2) as evidencing any change in legislative intent.

Upon the whole record we regard the trial court to have been amply justified in reversing the order.

Order affirmed.