## ANDREW KROYER v. BOARD OF SUPERVISORS OF SPRING LAKE.[1]

January 21, 1938.

No. 31,473.

*H. A. Irwin,* for appellant.

*H. E. Flynn* and *W. F. Odell,* for respondent.

HOLT, JUSTICE.

Plaintiff owns a 98-acre farm in the township of Spring Lake, Scott county, this state, not connected with any public road except over lands of others. He petitioned the town board to lay out a cartway pursuant to 1 Mason Minn. St. 1927, § 2585(2), such cart-

[1]Reported in 277 N. W. 234.

way to run west from the center of the section, on the west boundary of plaintiff's farm, 160 rods to a public road running north and south on the section line. The town board denied the petition; but, on appeal to the district court, the action of the town board was reversed, and this appeal is from the order denying the board's motion in the alternative for amended findings or a new trial.

The facts are: December 17, 1924, Michael J. Deegan and wife conveyed this farm to plaintiff. Deegan also owned a 40-acre tract adjoining the lands conveyed to plaintiff. In the deed to plaintiff is this clause:

"The party of the second part to have the right to travel and improve a road through the southeast quarter of the northwest quarter of section twenty-five (25) township one hundred fourteen (114), range twenty-two (22), but must keep gates closed."

It appears that for 40 years a trail or road led from the center of the section to the northwesterly corner of this forty of Deegan's, thence in a northwesterly direction over lands of one Blohm to the public road on the section line. The forty south of Blohm's and west of Deegan's forty was owned by one Conroy. In 1912 Conroy and Blohm cut out a road one rod wide on the line dividing their two forties, and each one built a fence on his own land, leaving a lane one rod wide for the road so cut out. This road is passable during dry seasons but is blocked by snowstorms and periods of wet weather. A gate is placed at the east entrance of the lane. There is no evidence that this 80-rod road has been worked by the public authorities or that it has been legally established. Whatever the status of the former trail over the Blohm forty, connecting with the trail mentioned over the Deegan forty, it is certain that the 80-rod road, substituted by the action of Conroy and Blohm for the old trail crossing the latter's land to the public road, is nothing but their private way over which plaintiff has no right to pass except by permission of Blohm and Conroy.

The evidence is undisputed that the only access to a public road which plaintiff has had by the so-called trail was over Deegan's forty and Blohm's forty. It is not necessary to decide whether the

clause above quoted in the deed to plaintiff from Deegan gave such a right of access to a public road as to preclude plaintiff from the benefit of the statute cited. For, if he has not the right to pass over Blohm's forty or over the 80-rod lane or road substituted by Conroy and Blohm for the trail, his right to the cartway awarded him is clear. Plaintiff's counsel correctly states:

"There is no room for the claim of an easement by grant as to the 80-rod cartway. Neither, in view of the fact that respondent did not purchase his land from either Conroy or Blohm, is there any room for the claim of a way by necessity. All we have in this case is the fact that respondent, and a renter who lived on the premises before respondent purchased the land, traveled along this roadway. Proof of travel, with nothing else, does not prove a prescriptive right. The travel may have been under license."

Plaintiff's access to the 80-rod lane was always barred by a gate. Counsel for appellant concede that no case in point has been decided by this court. It is claimed that Rask v. Town Board of Hendrum, 173 Minn. 572, 218 N. W. 115, is the nearest approach to a similar question. In that case there was access by grant of a one-rod road to the farm of the petitioner, who unsuccessfully asked for a two-rod cartway. The decision is no aid here. Nor is Lenzmeier v. Ess, 199 Minn. 10, 270 N. W. 677, cited by appellant. Plaintiff had no access to a public road except over the lands of others, and was entitled to the cartway granted him by the decision below.

We need not consider whether the court's finding that the 80-rod road is not a practicable access to plaintiff's farm is sustained, for we conclude he has no legal right to the use thereof.

The order is affirmed.