## STATE EX REL. WALTER ROSE v. TOWN OF GREENWOOD AND OTHERS.[1]

October 26, 1945.

No. 34,041.

[1]Reported in 20 N. W. (2d) 345.

*Lawrence R. Allison,* for appellants (respondents below).
*V. J. Hermel* and *G. H. Smith,* for respondent (relator below).

PETERSON, JUSTICE.

This is a proceeding in *mandamus* to compel the town board of the town of Greenwood in Hennepin county and its board of supervisors to establish a cartway.

Pursuant to Minn. St. 1941, § 163.15, subd. 2 (Mason St. 1927, § 2585, subd. 2), which so far as here pertinent provides that—

"Any town board shall, on petition of the owner of a tract of land of not less than five acres in area, who has no access thereto except over the lands of others, establish a cartway not more than two rods wide connecting his land with a public road; * * * the amount of damages, if any, to be paid by the petitioner to the town before such cartway is opened,"

relator filed a petition with the town board showing that he owns government lots one, two, and seven in section 23 and that he has no access thereto except over the lands of others and praying that a cartway be established, opened, and constructed extending easterly from one of two termini on the east side of his land across the

lands of certain named landowners to a point where the east and west quarter section line of section 24 intersects a town road extending north and south through the middle of that section. One of the termini on the east side of relator's land is at the intersection of the eastern boundary line thereof and the quarter section line, and the other is at a point 340 feet north thereof. The proposed course of the cartway is straight west from the east terminus along the quarter section line for a distance of 1,900 feet and thence either straight west on that line to the quarter section corner or northwest to the point on relator's land 340 feet north thereof. The town board took no action on the petition. After the lapse of more than 30 days relator began this proceeding.

Asserting that it was the *mandatory* duty of the town board under § 163.15, subd. 2 (§ 2585, subd. 2), to establish the cartway petitioned for and that it was their duty further under § 163.13, subds. 2 and 3 (§ 2583, subds. 2 and 3), to hear the petition within 30 days after it was filed, to make an order describing as nearly as practicable the cartway proposed to be established, to fix a place and time of hearing, and to give notice of hearing as therein provided, relator alleges that the town board failed to perform these duties and that he offers, pursuant to § 163.15, subd. 2 (§ 2585, subd. 2), to pay the amount of the damages, if any, to be paid by him as the petitioner for the cartway. Although the petition for the establishment of the cartway filed with the town board prayed for its establishment, opening, and construction, the relief demanded in the petition and the alternative writ of *mandamus* was that the town board be commanded to meet and act upon the petition and establish the cartway in proceedings under the statutes mentioned.

Respondents below (appellants here) contend that the petition and alternative writ are insufficient, for the reason that the acts sought to be compelled are no part of appellants' duties with respect to cartways; that relator in fact has access to a public road and consequently does not come within the provisions of the statute under which he petitioned for the cartway; that *mandamus*

does not lie to compel a town board to establish a cartway, because its duties with respect to that matter are discretionary and not mandatory; and that, even if it were proper to compel the town board to establish the cartway, the court should not command it also to construct and improve it.

The trial judge granted a peremptory writ of *mandamus* commanding the town board to establish a cartway between lots two and seven and the township highway, the exact route and location of which was to be determined by the town board in the exercise of its discretion; to construct a reasonably serviceable and durable cartway two rods wide, fit and suitable for use during the entire year; and, although the board was without sufficient funds to pay the cost of establishing and constructing the cartway and relator offered to pay the damages arising from establishing it, that the town board should proceed to establish, open, and construct the cartway at the sole expense of the town, to be paid out of current and future funds.

■ Appellants contend in effect that the facts alleged show that the relief sought is the performance by them of acts which they are not authorized to perform in connection with establishing cartways. This contention is based upon the argument that relator's right, if any, to a cartway is under the cartway statute (§ 163.15, subd. 2 [§ 2585, subd. 2]), authorizing town boards to establish cartways, and that the acts sought to be compelled consist of proceedings under the town road statute (§ 163.13 [§ 2583]), which authorizes the establishment of town roads, but not cartways. The argument proceeds upon the untenable assumption that the two statutes are separate and unrelated. The town road statute provides among other things for hearing upon notice and for the determination and payment of damages sustained by landowners affected by the proposed road. The statute with respect to cartways is silent with respect to those matters. Section 163.15, subd. 1 (§ 2585, subd. 1), relating to cartways generally, provides that all proceedings for the establishment thereof "shall be the same as provided *in this act* of [for] establishing town roads."

(Italics supplied.) Subdivision 2, relating to the cartway here involved, contains no such provision, but it does provide that the petitioner for the cartway shall pay "the amount of damages, if any," before the cartway is opened. "The amount of damages" could be ascertained only in some sort of proceeding had for the purpose. For lack of any applicable provision in subd. 2 for determining the amount of damages, it is plain that it was intended that such damages should be determined as in the case of other cartways under subd. 1, which in express terms adopted as applicable the provisions of the town-road law. The general rule is that special road laws are to be construed in connection with general road laws, and when silent on any subject the general law governs. 39 C. J. S., Highways, § 37. Therefore, except as provided in the sections relating to cartways, the proceedings for the establishment of the cartway should be had under the town road statute as the general law. As said in Warner v. Commrs. of Hennepin County, 9 Minn. 130 at p. 132 (139 at p. 141):

"* * * where the legislature by special act authorizes or requires a public road or highway to be made or established, and provides no means of paying for the same, or for ascertaining or paying the damages occasioned thereby, or for the property taken, the reasonable presumption is, that it is intended that such damages shall be ascertained, assessed, and paid, and such improvements made, under the provisions of the general laws appertaining to the subject."

In short, the right to have the cartway here petitioned for established is governed by § 163.15, subd. 2 (§ 2585, subd. 2), but the proceedings to establish it should be had, except as therein provided, under § 163.13.

■ The alternative writ and the petition therefor are not insufficient because they contain no allegations that the town had sufficient funds available to pay for the road. The availability of funds to pay for the road is important only as showing whether appellants were able to perform the duty sought to be enforced.

The act sought to be enforced was the *establishment* of the cartway. Relator offered to pay the damages incident to establishing the cartway which § 163.15, subd. 2 (§ 2585, subd. 2), provides he should pay as the petitioner. The town officers merely by availing themselves of relator's offer to pay the damages pursuant to statute had the means at hand to enable them to establish the road. Thus, appellants' ability to perform the act sought to be compelled affirmatively appears. Whether they also had other means in the shape of town funds for the purpose is not important.

■ The contention that relator is not entitled to the establishment of a cartway under the statute is based upon the claim that the evidence shows as a matter of law that he had access from his land to a public road in three separate ways, *viz.*, across lot one; across section 24 to the town road by prescriptive right; and by a road lying to the west of Schauer Lake formerly used by one Schauer, who was one of relator's predecessors in title. We have examined the evidence and have come to the conclusion that it reasonably sustains the finding of the trial court that relator had no such access. In brief, the evidence shows that lot one is about half an acre in area, that it is separated from lots two and seven by a body of water known as Schauer Lake, which extends into sections 14 on the north and 24 on the east, and that lot one is not used for any purpose, much less in connection with lots two and seven, which are 92 acres in area and constitute relator's farm. While it is true that access may be had to the town road from lot one, this affords no access to the road from lots two and seven, which constitute the bulk of relator's land. In view of the fact that lot one is not used as part of relator's farm and cannot be used as a means of access from his farm to the road because it is separated from the farm by the lake, it cannot be said that relator had access to a public road from his farm. There was some testimony that the lake had dried up and that access could be had across the lake bottom; but the testimony in this respect was in conflict. It showed that there was water in the lake and that it could be used for navigation by rowboat and for fishing. Relator's

evidence showed that it was a muddy lake and that it was impracticable to build a road across it.

The evidence showed that Schauer had traveled a road to the west of Schauer Lake to gain access to the town road at a point between sections 13 and 14; but it also showed that Schauer had granted whatever rights he had to the road to one Hauser, who was a witness for appellants.

The evidence showed that relator and his predecessors in title have traveled over a road to the east which connected with the township road. For at least 1,200 feet this road corresponded with the cartway proposed in the petition. While the evidence is in conflict, it amply supports a finding that such travel was under license or permission revocable at will and that the license or permission had been revoked. Under such circumstances, relator was entitled to the cartway. Kroyer v. Board of Supervisors, 202 Minn. 41, 277 N. W. 234.

■ *Mandamus* lies to compel the town board to establish the cartway under § 163.15, subd. 2 (§ 2585, subd. 2), as an act which the law specially enjoins as a duty resulting from their office within the meaning of § 586.01 (§ 9722). *Mandamus* may issue under the statute to compel the performance of mandatory as distinguished from discretionary duties. Hence, the right to the writ here depends on whether the duty of the town board to establish the cartway petitioned for was mandatory or discretionary. The language of the statute is that a town board "shall * * * establish" a cartway upon the petition of the owner of a tract of land not less than five acres in area who has no access to his land except over the lands of others. The word "shall" is mandatory and is so used in the statute, as its history clearly shows. The settled construction of the statute is that it is the mandatory duty of a town board to establish a cartway upon petition of a landowner where the statutory conditions exist and the route named in the conditions is a proper one; but the town board may exercise a reasonable discretion in varying the route proposed as the public interest may require, provided it adheres to the termini and gen-

eral course stated in the petition. Watson v. Towns of South Side and French Lake, 185 Minn. 111, 239 N. W. 913; Johnson v. Town of Chisago Lake, 122 Minn. 134, 141 N. W. 1115. Here, all the statutory conditions existed. It is undisputed that relator owns a tract of land exceeding five acres in area. The findings, amply sustained by the evidence, establish that relator has no access to his land except over the land of others and that the proposed cartway is a feasible one. All the facts entitling relator to the cartway having been found to exist, it was the mandatory duty of the town board to establish it. The only discretion left in the board under the circumstances was laying out the road under the rule stated. This was provided for in the decision below.

■ Many grounds have been urged for holding that it was error to command appellants to expend funds of the town to improve the cartway, but only one, which we deem decisive here, need be considered, namely, that the expenditure of town funds to improve cartways lies in the discretion of town boards in virtue of statutory provision. Section 163.15, subd. 3 (§ 2585, subd. 3),[2] confers discretionary power upon town boards to expend town funds upon cartways, giving taxpayers dissatisfied with the refusal of a town board to make such expenditures a remedy by way of petition to the voters and decision by them at a town meeting. The power is a discretionary one, because the language of the statute granting it is in permissive terms, as the use of the word "may" shows, and is to be exercised only when in the "judgment" of the town board the public interest justifies the expenditure. There is a marked

---

[2]The text of the statute reads: "Any town board may expend road or bridge funds upon a legally established cartway the same as on town roads if, in the judgment of such board, the public interests require it; provided, that where any town board has refused to allocate funds for the upkeep of a cartway, then, upon the petition of ten taxpayers of the town, the town board shall present for the approval of the voters, after due notice, at the annual town meeting such petition for allocation of funds, and at such town meeting the electors of the town shall allow or reject such petition. If the majority of those voting approve the petition for allocation of funds, the town board shall expend road and bridge funds for such cartway."

contrast in the language employed in subds. 2 and 3. The former is couched in mandatory terms, the language thereof being that in the cases therein mentioned a town board "shall * * * establish" the cartway petitioned for. The latter is couched in discretionary terms, the language thereof being that a town board in its "judgment" "may expend" town funds upon cartways. The use of the words "shall" and "may" in its "judgment" in different subdivisions of the same statute unmistakably shows a difference of meaning with respect to the mandatory and discretionary nature of the duties and powers to which they respectively relate. Any thought that a town board is under a mandatory duty to make such expenditures is further negatived by the provisions of the statute giving taxpayers, upon failure to make such expenditures, a remedy by petition for an allocation of funds for a particular expenditure and submission of the proposition to the voters at a town meeting for the exercise of still further discretion and judgment by them, and by not providing that the remedy should be by *mandamus* to compel performance of the act as an absolute duty. No question is involved here whether resort to the remedy by petition and submission to the voters is the exclusive remedy where the town board fails to make such expenditures. *Mandamus* does not lie to compel the manner in which official discretion should be exercised, or, as it is sometimes said, the performance of discretionary acts will not be compelled by *mandamus*. State ex rel. Spurck v. Pennebaker, 215 Minn. 79, 9 N. W. (2d) 259; State ex rel. Townsend v. Board of Park Commrs. 100 Minn. 150, 110 N. W. 1121, 9 L.R.A. (N.S.) 1045. The legal effect of compelling a town board by *mandamus* to expend town funds for the construction of an improved cartway is to substitute the judgment of the court for that of the town board, to whom all discretion with respect to the matter was committed by the statute. The writ of *mandamus* insofar as it commands appellants to expend town funds for the improvement of the cartway is erroneous.

Our conclusion is that the petition for the cartway was sufficient; that under the circumstances it was the mandatory duty of the

town board to establish the cartway, with discretion only as to determining the route thereof within the rules stated; that it was error to command that the cartway be established at the expense of the town, in view of the provision of the statute imposing on relator the obligation to pay the damages incident to establishing the same and his offer to discharge that obligation; and that it was error, because its power was discretionary in the premises, to command the town board to construct an improved roadway on the cartway when established. The case will be remanded for further proceedings in accordance with this opinion.

Affirmed in part and reversed in part with a remand for further proceedings in accordance with the opinion.

[1]Reported in 20 N. W. (2d) 349.