**UNITED STATES of America,**
**Plaintiff,**

v.

**Joseph PERKO and William Zupancich,**
**Defendants.**

**Civ. No. 1616.**

United States District Court
D. Minnesota, Fifth Division.

May 31, 1956.

———◆———

George E. MacKinnon, U. S. Atty.,
Clifford Janes, Asst. U. S. Atty., St. Paul,

Minn., E. C. Hotchkiss, Asst. to Gen.
Counsel, U. S. Forest Service, Milwaukee,
Wis., for plaintiff.

William W. Essling, St. Paul, Minn.,
for defendants.

DONOVAN, District Judge.

This civil proceeding praying for judgment permanently enjoining the defendants, and each of them, and their servants, employees, representatives and agents, from trespassing or procuring others to trespass upon the premises of the plaintiff, located within plaintiff's Superior National Forest, and for other appropriate relief, came on for hearing before the Court at the May, 1956, General Term.

■ By stipulation of the parties and order of the Court, the transcript of proceedings for a temporary injunction, consisting of 900 pages, was made a part of the record of the instant case. The facts have been fully set forth in the last-named proceeding, which consumed seven days of trial during July of 1955.[1] Little was added to the trial of the instant case on the merits for a permanent injunction other than to elicit information of record that in the opinion of the Court makes the present issues moot as to defendant Joseph Perko.[2]

Defendant William Zupancich has introduced additional evidence in support of his contention that he has not been justly dealt with by plaintiff. Following the ban on the use of airplanes by Executive order, there was considerable correspondence between counsel for defendant and plaintiff. The relief denied defendant by the United States Forest Service was affirmed by its superior, the Secretary of Agriculture. The patent issued by plaintiff to defendant's predecessor in title has been read into the record in defendant's case. He also cites the interest of members of Congress in

---

1. United States v. Perko, D.C.Minn., 133 F.Supp. 564, where the facts, issues and law are fully discussed.

2. Defendant Joseph Perko has sold his property to plaintiff. The deed therefor

has been executed and filed with the Register of Deeds of St. Louis and Lake Counties, Minnesota. It only remains for plaintiff to consummate same by payment of $100,000 to grantors.

his quest for relief. Numerous photographs taken by plaintiff and defendant of the locus in quo, portages, trails and equipment, have also been added to the record of the instant case.

Defendant emphasizes that the granting of injunctive relief has caused him much trouble and no end of grief. To illustrate this was an occasion in October, 1955, when Zupancich sent an employee to his property. Without the aid of the prohibited motor vehicle transportation, he became snowbound and marooned until February, 1956.

It is undisputed that defendant has made an earnest effort to obtain or lease a site for the purposes of a corral or stable for horses that might be used in compliance with the law which permits ingress and egress by pack horse, but the site obtainable is of no practical use because it is too remote from the scene of operation. He contends that his investment in real estate, heavy equipment, buildings and business good will, all occurred prior to the ordering of the airplane ban.[3]

The foregoing constitutes the only material evidence added to the previous record. The questions of law have been thoroughly dealt with. (See footnote 1, supra.) Nothing new in the way of law pertinent to the issues has been cited.

Zupancich complains of discrimination practiced by plaintiff that favors other occupants in the Wilderness Area while denying like consideration to him, but, as Chief Judge Nordbye has said in another case [4]:

"It is entirely probable that portions of this road [and these portages] have been used by many parties at times during the past years, covertly or otherwise, without any particular objection * * *. But, on this showing, this Court would not be justified in finding that the public

has any right of user, either by prescription or dedication * * *."

On the occasion of hearing plaintiff's petition for a temporary injunction against defendants, this Court, among other things, said:

"In keeping with the spirit and purpose of the Congressional acts and the regulations issued in connection therewith, there can be no objection to pursuing for present purposes a course followed by the pioneers of this great nation in permitting the defendants to transport goods along the trails in the Roadless Area by pack horse, if necessary. The use of motor vehicles and heavy construction equipment in the Roadless Area is obviously foreign to the spirit and purpose of the controlling law. The Constitution of the United States and laws enacted thereunder must be observed by all of the people. The people may change the law of the United States but the Court cannot do so. The Court can only interpret that law. It may be that prior to the trial of the instant case on the merits some reasonable means may be arrived at in an attempt to solve the problem of the defendants so that equity will be served."[5]

Along the lines of the last-quoted sentence, defendant Perko made his peace with the government, thereby eliminating himself from the instant case. This is intended as no criterion of what defendant Zupancich may or may not do. He continues to exercise his natural and constitutional rights as a party to the instant case. Compliance with the orderly processes of law governing the issues in suit will lead to no difficulty on his part. The law must be observed, regardless of personal loss or inconvenience.

3. Perko v. United States, 8 Cir., 204 F.2d 446; certiorari denied 346 U.S. 832, 74 S.Ct. 48, 98 L.Ed. 355.

4. Perko v. Northwest Paper Co., Inc., D. C.Minn., 133 F.Supp. 560, at page 563.

5. United States v. Perko, D.C.Minn., supra, 133 F.Supp. 564, at page 570.

There is some evidence indicating grounds for misunderstanding on the part of defendant. One of the principal witnesses for the government concedes this in his testimony. Discrimination and injustice do not justify a violation of law by the offended party. Its existence in the record justifies disallowance of costs and disbursements. None will be taxed.

A permanent injunction may issue consistent with the foregoing.

It is so ordered.

The defendant is allowed an exception.