Thomas Malone, St. Paul, Minn., for plaintiff.

Fallon Kelly, U. S. Atty., William C. Hunt, Asst. U. S. Atty., St. Paul, Minn., Thomas L. McKevitt, Department of Justice, Washington, D. C., for defendant.

**George E. MACKIE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5–60–45 Civil.**

United States District Court
D. Minnesota,
Fifth Division.

May 12, 1961.

DONOVAN, District Judge.

Plaintiff brings this action for a declaratory judgment in his favor determining that he has lawful rights of access to certain land owned by him in St. Louis County, Minnesota, and further seeks damages from defendant caused by the acts of defendant in restricting his mode of access thereto. Defendant by way of a counterclaim requests the Court to enjoin and restrain plaintiff from operating a motor vehicle of any type upon land owned by defendant.

The land which is the subject of this suit is situated on Gun Lake within the exterior boundaries of the Superior National Forest and within the area which has been designated as the "Roadless Area." It will suffice to say at this point that the term "Roadless Area" refers to that area within which the Government has limited the means of ingress and egress to horseback, boat, and foot travel. Prior to 1952, the airplane was a common means of access to this roadless area, but all air travel was banned in that year [1]

---

1. Executive Order Dec. 17, 1959, 10092, 3 C.F.R.1949 Supp., p. 131, U.S.Code Cong.Service 1950, p. 1567. The order was issued by authority of the Air Commerce Act of 1926, 44 Stat. 570, 49 U.S. C.A. § 174.

and the ban has continued to the present time.

Much litigation has developed in regard to these restrictive regulations with resultant decisions determining beyond doubt the right of the Government thus to limit access to the area here in question.[2]

George Mackie, the plaintiff in this case, is and has been since 1945 the fee owner of the land here in question.[3] Improvements include two one-room cabins which plaintiff has furnished and equipped for rental to tourists and fishermen and for use by him and his family as a summer home.

Prior to 1952 plaintiff's property was accessible by plane, but with the imposition of the airban it became necessary to rely solely on a roadway known as the Gun Lake Road which had been built by the Northwest Paper Company for use in logging operations. Part of this roadway extended over government-owned land and part over land that was privately owned.

This roadway, however, was not open to general public use by reason of its being within the roadless area, and the Government took steps to prevent its use by constructing, at the point of entrance to the roadless area, a gate consisting of a cable attached to posts imbedded in concrete and fastened with two padlocks. One of these locks was furnished by the Forestry Service in order that its rangers and other employees could gain entrance on official business, and the other lock was furnished by the Northwest Paper

Company which had authorization to use the road in connection with its logging operations. A large sign at this entrance point advised that the road was closed to all vehicular traffic.[4] Plaintiff nevertheless continued to travel upon the road by automobile and truck. For a short period, in 1951 or 1952, he had a key to the lock furnished by the Northwest Paper Company. After he was required to give this up, he resorted to cutting the cable or improvising a by-pass to get around the gate. During the years from 1952 to 1959 he continued to use the road without interference by the Government even though the Forest Rangers and other government employees knew that plaintiff was using the road. In May 1959 the Government blew up the road in several places with dynamite. Plaintiff continued to use the road, by-passing some holes and improvising a bridge over others. Where the holes were too wide or too deep, plaintiff procured several old automobiles, stationed them on the road between the holes and carried his supplies on foot around the holes to the next vehicle.

The question here to be decided is whether the limitations imposed by defendant on plaintiff's access to his property constituted a "taking" thereof within the meaning of the Fifth Amendment to the Constitution of the United States[5] for which plaintiff must be compensated.

Plaintiff claims the right to use the Gun Lake Road on the basis of an implied easement by way of necessity arising out

2. Perko v. United States, 8 Cir., 204 F. 2d 446, certiorari denied 1953, 346 U.S. 832, 74 S.Ct. 48, 98 L.Ed. 355; United States v. Perko, D.C.Minn., 133 F.Supp. 564.

3. The land is described in plaintiff's complaint thus: "An undivided one-half (1/2) interest in—Part of Lots 1 and 2, Section 14, Township 65, Range 12, beginning 502 feet South of Northeast corner of Lot 1, thence on a bearing South 70 degrees West 2252 feet to shore of Gun Lake, thence Northeast to North line of said Lot 1, thence East 663.96 feet; thence South 502 feet to

point of beginning, and also, Lot 7, Section 11, Township 65, Range 12, 20 AC."

4. The sign read as follows: "Superior National Forest Roadless Area Boundary Road Closed to Public Use. This temporary road is for timber sale operations only and travel by vehicle prohibited. Violators subject to penalty under authority of regulation T–3(H) 36 C.F.R. 261.4(h). By order of the Regional Forester."

5. "Nor [shall any person] be deprived of life, liberty, or property, without due process of law; nor shall private propty be taken for public use, without just compensation."

of the conveyance from the United States by patent to plaintiff's grantor.[6] The implied easement is a creature of the common law, based upon the theory that one who conveys property to another intends to include in the conveyance whatever is necessary for its beneficial use and enjoyment.[7] Plaintiff contends that his property is useless without the use of the road by which to gain access thereto and such easement is of necessity thereby implied. If such is the case, then there would be no doubt that the action of defendant in closing the road is a "taking" for which he is entitled to compensation.

There is one further essential element to an easement by implication, however, the absence of which in the instant case is fatal to plaintiff's cause. In order to establish an implied easement by way of necessity, plaintiff must show more than inconvenience resulting from a denial thereof.

Testimony regarding this point in the instant case, though conflicting as to degree of difficulty which would be encountered, clearly shows that plaintiff has access to an alternate route of ingress and egress. If permitted to use the Gun Lake Road, plaintiff can drive within one-third mile of the shore of Gun Lake. He then must carry his supplies on foot the one-third mile to Gun Lake, load everything into a boat and cross Gun Lake to his property. Using the alternate route, he can drive on the portion of the Gun Lake Road not within the roadless area, proceed easterly at the Fourtown Junction for one and one-half miles and be within one and one-half miles of Fourtown Lake. He can then travel by boat across Fourtown, Boot and Fairy Lakes to Gun Lake. He must make three short portages, between Fourtown and Boot, Boot and Fairy, and Fairy and Gun Lakes. The total distance from where he must leave his vehicle to his property at Gun Lake is not more than eight miles.

The general rule of law herein applicable is that one cannot claim an easement by way of necessity over lands to which he has another mode of access, however inconvenient.[8]

The testimony here clearly indicates that plaintiff did have another mode of access to his property. Plaintiff, therefore, having no right to use the Gun Lake Road by application of any established rule of law, the acts of defendant in closing and destroying the Gun Lake Road have not resulted in infliction of any damage to plaintiff to which this Court can grant relief. This Court has heretofore said "The people may change the law of the United States but the Court cannot do so. The Court can only interpret that law." [9]

Any and all remaining issues in this case are by the foregoing rendered moot and it is unnecessary for this Court to discuss them further.[10] Plaintiff's claim for relief on all issues is hereby denied. Judgment together with injunctive relief must be, and the same is, hereby granted for defendant.

It is so ordered.

Defendant may submit findings of fact, conclusions of law and order for judgment consistent with the foregoing.

Plaintiff may have an exception.

---

6. Plaintiff makes no claim nor does the record reveal any other basis for an easement by way of implication. See 17A Am.Jur., Easements, §§ 37–65.

7. 17A Am.Jur., Easements, § 37.

8. 17A Am.Jur. Easements, §§ 61–63.

9. United States v. Perko, D.C.Minn., 133 F.Supp. 564, 570; D.C., 141 F.Supp. 372, 373.

10. Defendant pleaded as an affirmative defense the running of the statute of limitations. The Court has had the benefit of briefs submitted by industrious counsel representing the parties to the instant case.