## THEODORE J. ROEMER v. BOARD OF SUPERVISORS OF ELYSIAN TOWNSHIP, LeSUEUR COUNTY.

167 N. W. (2d) 497.

April 25, 1969—No. 41914.

*Dressel & Greising* and *Robert M. Greising,* for appellant.

*McGuire & Mellby* and *Michael E. McGuire,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

These proceedings were initiated by plaintiff property owner to secure from defendant township the establishment of a cartway giving plaintiff access to a public road. The petition was denied by the township. On appeal, the district court reversed the order of the township and directed the establishment and construction of the cartway which plaintiff requested. The township appeals from that judgment.

The issue is whether Minn. St. 164.08, subd. 2, is applicable where the owner of land "who has no access thereto except over the lands of others" is entitled to a way of necessity or he has a perpetual easement over adjoining land connecting his property with a public highway. We hold that under such circumstances the statute is not applicable.

In 1966, one Daniel J. Hoehn, who is plaintiff's brother-in-law, conveyed to plaintiff 20.33 acres of land on Lake Jefferson in the southwest corner of sec. 7, T. 109 N., R. 24 W., LeSueur County. Thereafter, plaintiff platted the property into 39 lakeshore lots which he designated as "Roemer's Cove." In December 1966, Hoehn granted plaintiff "a permanent easement for roadway purposes" over adjoining property lying to the east of plaintiff's lots.[1] The easement ran to plaintiff, "his heirs and assigns, for the purpose of affording ingress to and egress from" plaintiff's property described above, and contained the following provisions:

"This easement shall be limited to a strip of land 30 feet in width, the Westerly side of which shall be located as follows:

"Commencing at a point 181 feet East from the Southeast corner of the tract last above described and extending in a Northwesterly direction to a point 132 feet Northeast and on the Easterly boundary line of the real estate last above described.

"This easement so given to the said THEODORE J. ROEMER is given on condition that the said THEODORE J. ROEMER will maintain said roadway at his expense and will not suffer or permit same to be blocked so as to interfere in any way with the use of the property of the undersigned.

---

[1] The precise description of the property over which the easement ran is as follows: "The South 80 acres of Government Lot 6, and of the Southwest Quarter of the Southeast Quarter of Section 7, Township 109 North, Range 24 West" (excepting a strip of land not here pertinent).

"This easement shall be permanent, one running with the land."

In the spring of 1967, plaintiff petitioned the defendant town board to establish a cartway. After describing the property plaintiff owned, the petition states as follows:

"That said property is more than five (5) acres and that the undersigned has no means of access to said property by any public highway and that it is necessary and essential that a public cartway be built and installed in order that the undersigned have access to said property.

"That the most logical means of access to the property and the description of the suggested cartway is as follows:

"East 1271.40 feet of the South 33.00 feet of Government Lot Number 6, Section Number 7, Township Number 109 North, Range Number 24 West, Le Sueur County, Minnesota.

"That the name of the owner of the land over which such road is to pass is as follows: Daniel J. Hoehn.

"/s/ Theodore J. Roemer"

Following a public hearing, the town board found that plaintiff had adequate access to his land and denied the petition. Plaintiff appealed to the district court which, after taking testimony and viewing the property, found that the proposed cartway was reasonable and practical; that the easement granted plaintiff by Hoehn did not give plaintiff access to his land in any manner except over the lands of others; and that the easement required plaintiff to travel "on the lane or trail over the fields and through a swampy area" on Hoehn's property. The court further found that there was no evidence that plaintiff had a right to construct a roadway over Hoehn's land and that this could only be done at great expense and would not provide public access to plaintiff's land. The court concluded by finding that the express easement did not preclude plaintiff from obtaining a cartway and that public policy and public interest dictated it should be established and constructed. In its conclusions of law, the court held that the order denying the petition was arbitrary, unreasonable, and capricious, and was based on an erroneous theory of law.

The statute under consideration is Minn. St. 164.08, subd. 2, which provides as follows:

"Upon petition presented to the town board by the owner of a tract of land containing at least five acres, who has no access thereto except over the lands of others, the town board by resolution shall establish a cartway at least two rods wide connecting the petitioner's land with a public road. The proceedings of the town board shall be in accordance with section 164.07. The amount of damages, if any, shall be paid by the petitioner to the town before such cartway is opened."

This statute was first adopted by L. 1913, c. 235, § 55. Its origin and purpose are obscure. Apparently it was intended to expand the common-law rules governing ways of necessity under which an easement for ingress and egress over the remainder of the grantor's property was implied if the land deeded had no access to a public highway except over such property.[2] However, where the grantor had no land remaining and the grantee was without a right-of-way to a public highway, no easement by implication was available. It is likely that the legislature had this situation in mind when § 164.08, subd. 2, was enacted, in effect giving the owner whose property is isolated the right to require the town to condemn an easement for private access on condition the petitioner compensates the owner of the subservient tenement for the taking.

The only question necessary for decision is whether § 164.08, subd. 2, may be invoked where, as here, the owner has either a right to assert an easement of necessity or has been granted an easement which gives him ingress and egress to a public highway. We have concluded that the statute does not contemplate establishing an alternative right-of-way where an owner already has means of ingress and egress. Here, plaintiff purchased the property from his brother-in-law and platted it into a lakeside real-estate development. Notwithstanding his available access, he seeks to secure at public expense a new roadway approximately a quarter of a mile in length. Were we to construe the statute to authorize such procedure, it would lend itself to potential abuse by permitting developers to collaborate with their grantors to secure a roadway at public ex-

---

[2] Pine Tree Lbr. Co. v. McKinley, 83 Minn. 419, 86 N. W. 414; Mackie v. United States (D. Minn.) 194 F. Supp. 306; 25 Am. Jur. (2d) Easements and Licenses, §§ 34 to 38.

pense rather than to negotiate for an easement which would require the construction of a right-of-way at the developer's expense. We do not suggest that the parties contrived such an arrangement in the case at hand since there was an express easement granted.

Two of our decisions point to the conclusion we here reach. In Kroyer v. Board of Supervisors, 202 Minn. 41, 277 N. W. 234, we held that a township was obliged to construct a roadway where the petitioner had a right of ingress over a private way which could be used only with consent. There, we found no "way by necessity," suggesting that had there been one the petition would properly have been denied. In State ex rel. Rose v. Town of Greenwood, 220 Minn. 508, 514, 20 N. W. (2d) 345, 348, we again stressed the fact that petitioner had no access to a public highway and held that the township should have granted a cartway. There we stated:

"* * * While the evidence is in conflict, it amply supports a finding that such travel was under license or permission revocable at will and that the license or permission had been revoked. Under such circumstances, relator was entitled to the cartway."

These decisions answer plaintiff's contention that the statute must be literally followed to require a cartway wherever petitioner has no access "except over the lands of others." We think it is clear that the statute was not intended to apply where the petitioner has a perpetual easement running with the land to his heirs and assigns. The judgment of the trial court is accordingly reversed.

Reversed.