Dennis CHRISTOPHERSON,
petitioner, Respondent,

v.

FILLMORE TOWNSHIP, Appellant.

No. C7-98-452.

Court of Appeals of Minnesota.

Sept. 8, 1998.

Review Denied Oct. 29, 1998.

Lee A. Bjorndal, Baudler, Baudler, Maus & Blahnik, Austin, for respondent.

Peter B. Tiede, Lisa A. Atty., Murnane, Conlin, White & Brandt, St. Paul, for appellant.

Considered and decided by LANSING, P.J., FORSBERG * and NORTON, JJ.

## OPINION

THOMAS G. FORSBERG, Judge.

Appellant Fillmore Township challenges the district court's grant of summary judgment in favor of respondent Dennis Christopherson and denial of its motion for partial summary judgment related to the vacation of a township road which divided Christopherson's property. Because the minimum width of an easement that would provide "access" under Minn.Stat. § 160.09, subd. 3, (1996), has not been set by statutes or caselaw, we conclude that it was error for the court to rule that twenty feet does not provide access and accordingly, we reverse.

## FACTS

The facts are not in dispute. Dennis Christopherson is the owner of forty acres of unimproved real property in Fillmore Township. Township road 484, (T–484), a four-rod (66–foot wide) road, divides Christopherson's property and provides the only access to the property. Although Christopherson's property is unimproved, he intends eventually to put a house on the lot. The Fillmore zoning ordinance requires that there be a road at least 66 feet wide for access to the building site.

At its May 12,1997, meeting, the Fillmore Township Board discussed the vacation of T–484. Christopherson and his counsel appeared opposing the vacation and informed the board that if T–484 were vacated, he would pursue legal action. No one else present opposed the road's vacation. Because one of the three board members owned property that would be affected by the vacation of T–484, that board member did not participate in the discussion or vote. However, before the vote, the other two board members, along with the township's legal counsel, retired to another room and held a brief discussion. Upon returning, those members voted to vacate T–484. On May 29, 1997, the township board sent a copy of its vacation order to Christopherson's attorney.

On May 22, 1997, Christopherson was sent a Joint Easement Agreement. This agreement provided an easement of ten feet on either side of T–484's centerline, totaling a twenty-foot wide easement for Christopherson and the other landowners. The agreement also allowed the landowners to "construct, maintain, or repair * * *," the easement. Finally, the agreement provided that signatories would forego their rights to pursue legal action related to the vacation of the road. Christopherson refused to sign the joint agreement.

The resolution signed by the township board provided that, in the event an affected landowner did not sign the Joint Easement Agreement, the board "shall have authority to convey said land to an adjoining land owner who shall insure passage and sign the easement * * * ."

Christopherson sued the township board and both parties moved for summary judgment.

On January 21, 1998, the trial court granted Christopherson's motion for summary judgment, ordered the township to maintain T–484, and simultaneously denied the township's motion for summary judgment. The township appeals from the district court's denial of its motions for reconsideration and a new trial.

## ISSUE

Did the trial court err by concluding that the township's grant for Christopherson to use, construct, maintain, and repair a twenty-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10

foot-wide permanent easement did not provide other means of access under Minn.Stat. 160.09, subd. 3?

## ANALYSIS

■ "On appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). Where the material facts are not in dispute, the only questions before the reviewing court are questions of law and no deference need be given to the decisions below. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (1989).

Minn.Stat. § 160.09, subd. 3 (1996), reads in relevant part:

> When a county highway or town road is the only means of access to any property or properties containing an area or combined area of five acres or more, the highway or road shall not be vacated without the consent of the property owner unless other means of access are provided.

The township claims that the twenty-foot wide easement granted to Christopherson in the Joint Easement Agreement is "other access" under the statute, and that the district court erred in concluding otherwise. The statute does not define access, although the township offered definitions from legal dictionaries, one of which defined "access" as "opportunity to come and go from premises. An easement of way, whether arising from express or implied reservation." *Ballentine's Law Dictionary*, 3rd Ed. (1969). There is no dispute that the township had the discretion to vacate T–484. Therefore, the sole issue is whether the twenty-foot wide easement granted to Christopherson meets the statute's requirement for "other means of access."

The township argues that twenty feet should constitute "access," because that width is stated in a statute for the minimum

for most roads that approach bridges or culverts. Christopherson argues that he is entitled to an easement that is at least two rods or thirty-three feet wide, as prescribed by Minn.Stat. § 164.08, subd. 2, (1996). *See Roemer v. Board of Supervisors of Elysian Twp.*, 283 Minn. 288, 292, 167 N.W.2d 497, 500 (Minn.1969) (a thirty-foot easement satisfied the "access" requirement in Minn.Stat. § 164.08, subd. 2).

■ The statute does not define and the parties have not cited any Minnesota authority defining "access." The legislature has defined what constitutes "access" in other contexts. *See, e.g.*, Minn.Stat. 164.08, subd. 2 (1996) (in cases involving cartway petitions, access to be two rods wide). Absent an applicable definition of "access," the term is ambiguous and must be construed. *See* Minn.Stat. § 645.16 (1996) (ambiguous language in statue may be interpreted). Because the legislature did not define "access" in a manner applicable to all cases involving Minn.Stat. § 160.09, subd. 3, and because we cannot provide a definition, what constitutes "access" in cases involving Minn.Stat. § 160.09, subd. 3, must be determined on a case-by-case basis. *See Martinco v. Hastings*, 265 Minn. 490, 497, 122 N.W.2d 631, 638 (1963) ("[i]f there is to be a change in the statute, it must come from the legislature, for the courts cannot supply that which the legislature purposely omits or inadvertently overlooks").

Here, the district court reasoned that, although the Joint Easement Agreement gave Christopherson the right to use, construct, maintain, or repair the twenty-foot easement, it failed to provide "other access" because Christopherson has no assurance that the easement would remain passable with a vehicle if its maintenance was left to Christopherson and the other landowners. Because there is no statutory requirement that the township provide maintenance, the district court's reasoning is misplaced.

The township argues that access can be less than two rods (33 feet) in width, citing the same statute and subdivision that *Roemer* involved. The township also argues that, if a minimum was set that was wider than

most rural driveways, townships will be faced with many claims arguing "no access." That statute, however, provides, and the township acknowledges, that, if a landowner's "access" is less than two rods, "the town board *shall establish* a cartway at least two rods wide * * * ." Minn.Stat. § 164.08, subd. 2 (1986) (emphasis added). Christopherson has not petitioned for a cartway, so that statute has no applicability here. Because there is no statutory or caselaw definition for "access" under Minn.Stat. § 160.09, we conclude that the trial court's determination that a twenty-foot wide easement fails to provide Christopherson with "other access" under Minn.Stat. § 160.09, subd. 3, was error.

## DECISION

Because there is no Minnesota caselaw or statutory definition for what constitutes "access" specific to Minn.Stat. § 160.09, subd. 3, we reverse.

**Reversed.**