**In the Matter of Thomas DANIEL for the Establishment of a Cartway.**

**No. CX–01–1820.**

Supreme Court of Minnesota.

Feb. 20, 2003.

James R. Cope (# 187677), Andrew R. Peterson (# 312599), Virginia, MN, for Appellant.

Alan L. Mitchell, St. Louis County Attorney, Timothy O. Lee (# 61803), Assistant County Attorney, Duluth, MN, for Respondent.

## OPINION

GILBERT, Justice.

This case presents the issue of whether a property owner who has access to his lake cabin property via a navigable waterway can invoke Minn.Stat. § 164.08, subd. 2(a) (2002), to establish a cartway over the lands of others. Thomas Daniel, owner of a parcel of land bordering Lake Vermillion in an unorganized territory, petitioned the St. Louis County Board of Commissioners requesting that a cartway be established over the adjoining land of Donald Schoch. The board of commissioners, acting as a town board pursuant to Minn.Stat. § 164.08, subd. 2(a) and (b), held a hearing on the matter and issued an order granting Daniel the requested cartway. The board awarded $18,022 to Schoch, to be paid by Daniel, to compensate for Schoch's land used to establish the cartway. *See* Minn.Stat. § 164.08, subd. 2(c) (requiring petitioner to pay damages before the cartway will be opened). Schoch appealed the board's decision to the St. Louis County District Court. Respondent, St. Louis County, moved for summary judgment. The court held a hearing on the summary judgment motion and issued an order and memorandum granting respondent's motion for summary judgment. Schoch appealed the summary judgment order to the court of appeals. The court of appeals held that lake-only access is not sufficient access within the meaning of Minn.Stat.

§ 164.08, subd. 2(a) and affirmed the district court's summary judgment order. We reverse the court of appeals.

Thomas Daniel and Donald Schoch own adjoining parcels of land. Daniel's only access to his property, since he purchased it in 1995, has been via Lake Vermillion. On July 4, 1999, a windstorm caused significant blow-down of trees on the properties of both Schoch and Daniel. Schoch constructed a road on his property to access the downed trees. Thereafter, Daniel and Schoch discussed extending the road over Schoch's property to Daniel's property in order to remove the downed trees on Daniel's property. When the discussions did not lead to an agreement, Daniel petitioned the St. Louis County Board of Commissioners to grant Daniel a cartway across Schoch's land. The St. Louis County Board of Commissioners held a hearing and found "[t]hat the Petitioner does not have access to his property except across the property of others," and issued the following conclusions:

1. That the Petition for a cartway is properly before the St. Louis County Board. 2. That Petitioner individually owns land containing at least five (5) acres which has no access thereto except over the lands of others. 3. That the requested cartway is the most appropriate means of access to the land of the Petitioner. 4. That 3.90 acres of land will be taken by the cartway and that the owners of that property have sustained damages of $18,022.

Schoch appealed to the district court. Pursuant to Minn. R. Civ. P. 56, respondent, St. Louis County, moved for summary judgment. The district court held a hearing on the motion for summary judgment. At the hearing, the factual question of whether Daniel had access to the downed trees via nearby Minnesota De-

partment of Natural Resources winter roads was disputed, as well as whether lake access constituted access under the cartway statute. The district court ordered summary judgment, thereby affirming the decision of the St. Louis County Board.

The memorandum accompanying that order stated, "The court is unable to find any case law or Minnesota statute that indicates the legislature's intent that lake access is sufficient access to deny a petition for a cartway pursuant to Minn.Stat. § 164.08, subd. 2." Finding no dispute as to a material issue of fact, the district court held that "the Board of Commissioners did not abuse its legislative discretion in determining that Respondent satisfied the statutory conditions of Minn.Stat. § 164.08, subd. 2."

The court of appeals affirmed the district court. *In the Matter of Thomas Daniel for the Establishment of Cartway,* 644 N.W.2d 495 (Minn.App.2002). It concluded access via Lake Vermillion does not qualify as access within the meaning of the cartway statute; therefore, Daniel was entitled to a cartway across Schoch's property. *Id.* at 499. The court of appeals went on to conclude that Schoch was not entitled to a fact hearing because the fact that Daniel has lake access to his property was not disputed and the statutory interpretation issue presented in the case was purely a question of law. *Id.* We granted review.

We address two questions when reviewing an order for summary judgment: "(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Here, both parties concede that the relevant facts are undisputed. The district court in applying statutory language to undisputed facts makes a conclusion of law, which we re-

view de novo. *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn. 1998). Therefore, the sole issue is whether the district court correctly interpreted Minn.Stat. § 164.08, subd. 2. We interpret statutes to effectuate the intent of the legislature. Minn.Stat. § 645.16 (2002).

The cartway statute states in relevant part:

Upon petition presented to the town board by the owner of a tract of land containing at least five acres, who has no access thereto except over the lands of others, or whose access thereto is less than two rods in width, the town board by resolution shall establish a cartway at least two rods wide connecting the petitioner's land with a public road.

Minn.Stat. § 164.08, subd. 2(a).

Minnesota has a long-established tradition of accessing lake properties via navigable waterways. The language from the statute requiring that a cartway be granted to owners with "no access" to their property except over the lands of others was enacted in 1913. Act of Apr. 15, 1913, ch. 235, § 55, 1913 Minn. Laws 314, 314–15. At the time this provision of the cartway statute was enacted, travel over navigable waterways was more commonplace than it is today and was often the best mode of transportation. Therefore, in interpreting the word access under this statute, it would be improper to exclude from consideration access via navigable waterway.

The county concedes that Daniel has access to his property via Lake Vermillion, but argues that since a cartway facilitates land-based travel for motor vehicles and the cartway statute is part of the town road statute, it would be inconsistent with the overall intention of the statute to consider lake access to be access under the statute. The county further argues that

because the statute requires the establishment of a cartway when access is less than two rods in width, the statute relates to only an over-land connection to a county road.[1]

As the county points out, the cartway statute is part of chapter 164 entitled "Town Roads." The statute permits a property owner "who has no access thereto except over the lands of others" to petition the local governing body to establish a cartway connecting a petitioner's land with a public road. Minn.Stat. § 164.08, subd. 2(a). That possibility, however, does not support the county's contention that only land-based access should be considered in this analysis. Access for the purposes of determining eligibility for a cartway can also include ingress and egress via navigable waters such as Lake Vermillion.

The court of appeals stated that *State ex rel. Rose v. Town of Greenwood,* 220 Minn. 508, 20 N.W.2d 345 (1945), while not controlling, provided some guidance in the present case. *In re Daniel,* 644 N.W.2d at 497. We disagree. The case law relating to cartways in Minnesota is inapposite.

In *Rose,* two of a property owner's seven lots were cut off from access to a public road by a lake. This court made the following statements in describing the lake in *Rose:*

> There was some testimony that the lake had dried up and that access could be had across the lake bottom; but the testimony in this respect was in conflict. It showed that there was water in the lake and that it could be used for navigation by rowboat and for fishing. Relator's evidence showed that it was a muddy lake and that it was impracticable to build a road across it.

*Rose,* 220 Minn. at 513–14, 20 N.W.2d at 348.

The issue of whether the property could be accessed by lake was not even considered in *Rose.* Rather, the analysis was limited to whether the nature of the lake in *Rose* prevented land-based travel to the property. *See id.* at 513–14, 20 N.W.2d at 348. There is no indication that access via the waterway was ever claimed or considered. In contrast, here, it is claimed that for years Daniel's property has been enjoyed in its present condition with access provided solely via Lake Vermillion.

The St. Louis County Board concluded that in regard to Daniel's property there is "no access thereto except over the lands of others." Such is not the case. Indeed, Daniel's property and numerous properties on Lake Vermillion have for over a century been accessed only via navigable waterway. The board's finding that Daniel had "no access" simply cannot be reconciled with our interpretation of Minn.Stat. § 164.08, subd. 2(a). Therefore, we hold the district court erred in its interpretation of Minn.Stat. § 168.04, subd. 2, by not considering access via navigable waterway to be access. Under the facts of this case, where it is indisputable that the party requesting the cartway has access to his property via Lake Vermillion, there is no need for further factual findings. We reverse the court of appeals and remand to the district court to enter judgment in favor of Schoch.

Reversed and remanded.

---

**1.** One rod equals 16.5 feet. *Webster's Third New International Dictionary* 1967 (1993).