## TROUT BROOK REALTY COMPANY v. TOWN OF FEATHERSTONE.[1]

January 27, 1928.

No. 26,541.

**Town board had jurisdiction to establish cartway.**

[1]   The evidence shows that the taking of appellant's land for a cartway was for a public use, and the town board had jurisdiction in establishing and locating the same.   The prior litigation between appellant and adjoining owner was properly excluded.

**Collusion between town board and persons benefited not proved.**

[2]   That the two persons, who were specially accommodated by the cartway, signed an agreement to open and maintain the same at their own expense, does not tend to show collusion on the part of the town board with those persons that would affect the order.

**Evidence insufficient to support findings specified.**

[3]   The evidence is not sufficient to support a finding that the town board acted arbitrarily and in disregard of the best interests of the public or upon an erroneous principle of law.

Eminent Domain, 20 C. J. p. 561 n. 96.
Private Roads, 32 Cyc. p. 369 n. 20.

Plaintiff appealed from an order of the district court for Goodhue county, Schultz, J. denying its motion for a new trial.   Affirmed.

Frederick W. Foote, for appellant.
Thomas Mohn and Horace W. Mohn, for respondent.

HOLT, J.

The appeal is from an order denying a new trial in a proceeding for the establishment of a public cartway, wherein appellant had appealed from the order of the town board establishing the road as petitioned for.

[1]   The petition was in due form and contained the requisite number of signers.   In so far as the adequacy of damages awarded

[1]Reported in 217 N. W. 499.

by the town board was sought to be raised by the appeal to the district court, appellant at the trial withdrew that issue. And the only questions now presented by the assignments of error center around these propositions: That certain excluded evidence would have proved that the land required of appellant was taken for private use and not public, hence there was lack of jurisdiction to establish the road; that certain evidence proved that the town board acted collusively and under a misconception of the rule to be followed; and that the court should have made specific findings on questions requested by appellant, or else submitted the issues to the jury instead of dispensing with that body.

There were only two persons who had no access to any opened public road that this cartway reached; and appellant contends that one of these had access over his own land to an abandoned but not vacated public road that leads into the main public highway. All that is necessary to state in this opinion as to the locus in quo is this: Under the bluffs a few rods from the southwesterly city limits of Red Wing, one Tyler owns and resides on a 40-acre tract the westerly six and one-half acres of which appellant owns. Adjoining Tyler's land on the east lives one Kristo without any access to any public road except over the 40 mentioned. One of the main highways entering Red Wing runs northeasterly of the 40 mentioned touching the northwesterly boundary of appellant's six and one-half acres. The cartway established by the town board zigzags across Tyler's land till it strikes appellant's, cutting it so as to strike the main highway at right angles. Appellant contends that its land could have been avoided by going due north and wholly on Tyler's land after reaching the latter's westerly line until the abandoned road on the north thereof was reached.

It is conceded that Kristo had no possible outlet to a public highway unless a cartway was established across someone's land, and it could not make the taking any less for public use whether land was taken from both Tyler and appellant or from only one of them. Mueller v. Town of Courtland, 117 Minn. 291, 135 N. W. 996. So we see no lack of jurisdiction to lay out a public road. The evidence excluded was the files in an action wherein appellant recovered dam-

ages in trespass from Tyler for traveling across the land where the town board established the cartway. We can see no possible bearing of that action upon this proceeding commenced thereafter to lay out a cartway over appellant's land. No part thereof was rendered immune from being taken for public use by any sort of previous litigation between appellant and Tyler.

[2] There was received in evidence àn agreement signed by Tyler and Kristo whereby they agreed to open and forever maintain the cartway. This is claimed indicative of an unlawful collusion by the board to further Tyler's and Kristo's desires, and made for the purpose of sparing Tyler's land at the expense of appellant's. There is no record by the board showing whether the writing signed by Tyler and Kristo was accepted. The testimony of all is that the cartway was established before there was any talk of who should open and maintain it. There is nothing in the incident which invalidates the order of the board, or impugns its motives, or tends to show that it was proceeding under a misconception of its duty. If the parties mostly interested in this cartway desired to save the public the expense of opening and maintaining it, appellant is not aggrieved thereby.

[3] The question of damages being withdrawn from the appeal and the cartway serving a public use and not a merely private purpose, the only remaining proposition is whether appellant adduced sufficient evidence warranting a finding or verdict that the action of the town board in establishing the road over appellant's land was arbitrary, oppressive or unreasonable, or without evidence to sustain it, or contrary to law. We think appellant failed in this under the settled law in this state as expressed in Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Rolf v. Town of Hancock, 167 Minn. 187, 208 N. W. 757, and cases therein cited. In the Brazil case Chief Justice Brown suggested that when a statutory proceeding of this sort comes before the court, especially where the amount of damages is not involved, the most appropriate procedure is a trial without a jury. Therein it was also stated that in a case like the present, where the action of an administrative body or local board is for review, the court is limited to the inquiry whether the

board acted "arbitrarily and in disregard of the best interests of the public, or upon an erroneous theory of the law, or whether the evidence is practically conclusive against the order appealed from."

The most that can be said for appellant is that the town board could have located the cartway entirely upon Tyler's land, and thus avoided taking any part of appellant's. So doing would cost about the same for construction and maintenance as where established. But appellant has no legal right to insist that Tyler's land should be taken for the public use rather than appellant's. It was for the board to determine a feasible route for this road and appropriate the land needed for that purpose no matter whose it might be. By locating it as was done, the distance to the main highway from where the cartway reached the westerly line of Tyler's land up to the main highway would be some 75 feet shorter, and there would be the advantage of crossing a creek and connecting with the highway at right angles. It is impossible to predicate a finding that the board acted arbitrarily and against the best interests of the public or that it proceeded upon an erroneous theory of the law in locating this cartway as was done over appellant's land. That being so, there was no need of specific findings upon the propositions requested for, lacking the proof required upon the inquiry to which the court was limited, the order of the town board in appropriating appellant's land for this cartway must be affirmed.

We see no other matters presented by the appeal which require notice.

The order is affirmed.