## HERBERT POWELL v. TOWN BOARD OF SINNOTT TOWNSHIP.[1]

October 19, 1928.

No. 26,755.

**When proceeding for public cartway is under § 2585.**
1. Where a petition asks for the laying out of a public highway and cartway two rods wide the proceeding is under G. S. 1923, § 2585. The petition had the number of qualified signers required by that section.

**Whether required by public necessity is question of fact for town board.**
2. The claim that there was no public necessity for the cartway does not go to the jurisdiction of the town board, but presented a question for that board to determine.

**Land taken for such cartway is for a public purpose.**
3. Land taken for a public cartway is taken for a public purpose, although the one to whose land the cartway extends has other access to a public highway.

Eminent Domain, 20 C. J. § 40 p. 558 n. 72.
Highways, 29 C. J. § 35 p. 396 n. 15; § 67 p. 417 n. 49.

Plaintiff appealed to the district court for Marshall county from an order of the town board of Sinnott township laying out a cartway across his land. There were findings for the respondent town board. From an order, Grindeland, J. denying his motion for a new trial, appellant appealed. Affirmed.

*A. N. Eckstrom,* for appellant.

*Julius J. Olson* and *Rasmus Hage,* for respondent.

[1]Reported in 221 N. W. 527.

TAYLOR, C.

Appellant appealed to the district court from an order of the town board of the town of Sinnott in Marshall county laying out a road two rods wide and 80 rods long across his land. The district court made findings of fact and conclusions of law and directed judgment affirming the order of the town board. Appellant appealed from an order denying a new trial.

The sole question raised in the district court and in this court is whether the town board had jurisdiction to establish the road.

Appellant contends that the petition was not signed by a sufficient number of qualified petitioners. So far as here material the petition reads:

"The undersigned, legal voters and freeholders of the town of Sinnott, who own real estate within three miles of the road proposed to be laid out and established, hereby petition you to lay out and establish a public highway and cartway two rods wide."

It is signed by eight legal voters all of whom own land within three miles of the proposed road, but only five of whom vote in the town of Sinnott. Appellant concedes that the five who vote in the town of Sinnott were qualified petitioners, but insists that the other three were not, and that eight qualified petitioners were necessary. He contends that the proceeding is under G. S. 1923, § 2583, which provides:

"Any town board may * * * establish a new road in its town upon a petition of not less than eight voters of the town, who own real estate, * * * within three miles of the road proposed to be established."

The petition lacked the requisite number of qualified signers to authorize laying out a road under this section. But § 2585 provides:

"Any town board may establish a cartway two rods wide and not more than three rods wide on petition of not less than five voters, freeholders of such town."

The petition contained the requisite number of qualified signers to authorize laying out a cartway under this section. The statute

declares that the words "road" and "highway" as used therein shall include "cartway" unless otherwise specified.   G. S. 1923, § 2543. The statute also provides:

"All roads, except cartways, established by town and county boards, shall be at least four (4) rods wide."   G. S. 1923, § 2544.

A road or cartway two rods wide cannot be established under § 2583, but may be under § 2585; and as this is what the petitioners asked for the proceeding must be deemed to have been brought under the latter section.

Appellant asserts that there is no public necessity for the cartway.   The trial court took the position that that question was not before it for the reason that appellant had expressly waived all claims except that of lack of jurisdiction.   Whether there was a public necessity for the cartway was not a question going to the jurisdiction of the town board, but a question for the town board to determine as a matter of fact after it had acquired jurisdiction. In determining that question it exercised legislative power and under all ordinary circumstances its conclusion is conclusive. 5 Dunnell, Minn. Dig. (2 ed.) § 8443, and cases cited.

Appellant contends that establishing the cartway will constitute a taking of his property for a private and not for a public use. It is elementary that private property cannot be taken under the power of eminent domain for a purely private purpose.   2 Dunnell, Minn. Dig. (2 ed.) § 3028.   In Trout Brook Realty Co. v. Town of Featherstone, 173 Minn. 448, 217 N. W. 499, cited by appellant, the contention was made that evidence which had been excluded would have proved that establishing the cartway there in question was taking the land for a private and not for a public use, and that the town lacked jurisdiction to establish the cartway for that reason. The cartway extended from a public highway to the land of one who had no access to a public highway, and the court said [173 Minn. 449]:   "We see no lack of jurisdiction to lay out a public road."   The present case differs from that in the fact that the landowner to whose land the cartway extends already has access to a public highway, though doubtless less convenient than the proposed

cartway will be.   But whether laying out a cartway to the land of one who already had access to a public highway was a taking of property for a public purpose was carefully considered in Mueller v. Supervisors of Town of Courtland, 117 Minn. 290, 135 N. W. 996, and it was there determined that such taking was for a public purpose, as the public as well as the landowner had the lawful right to use the cartway.   Whether a way is public or private does not depend upon the number of people who use it.   It is public if everyone who desires to use it may lawfully and of right do so. Rask v. Town Board of Hendrum, 173 Minn. 572, 218 N. W. 115. When this cartway is established and opened, everyone desiring to use it will have the legal right to do so.

Order affirmed.