John **KENNEDY**, Appellant,

v.

**PEPIN TOWNSHIP OF WABASHA COUNTY**, Respondent.

No. A08–1921.

Court of Appeals of Minnesota.

June 23, 2009.

Peter D. Ekstrand, Ekstrand Law Office, PLC, Wabasha, MN, for appellant.

Mary D. Tietjen, Troy J. Gilchrist, Kennedy & Graven, Chtd., Minneapolis, MN, for respondent.

Considered and decided by STAUBER, Presiding Judge; STONEBURNER, Judge; and BJORKMAN, Judge.

## OPINION

STONEBURNER, Judge.

Appellant challenges respondent township's selection of a route for a cartway granted under Minn.Stat. § 164.08, subd. 2(a) (2008), that does not provide public-road access to the useable portion of his land, which was designated in his petition as the desired terminus of the cartway. Appellant argues that the township's action was arbitrary, capricious, and based on an erroneous theory of law.

## FACTS

Appellant John Kennedy owns 26.6 acres of landlocked property in Wabasha County consisting of bluffs with a useable, level area of approximately five acres at the top. The lower portion of the land abuts Highway 61 (highway), but direct access from the highway to any portion of the property is not possible due to the topography of the property. Access from the highway to the bottom of the bluffs on the property is possible across adjacent land owned by Larry Nielson, but it is impossible to connect the highway to the upper, level portion of the property.

The level, five-acre tract of land at the top of the bluff, the only buildable portion of Kennedy's property, abuts an orchard owned by Pepin Heights Orchards, Inc. (Pepin Heights). Historically, access to the level portion of Kennedy's land was provided by an easement from Wabasha County Road 10 over Pepin Heights land. In 2000, the easement was declared nonexistent by judicial determination, and Kennedy has since not been able to obtain an easement across Pepin Height's land.

Kennedy petitioned Pepin Township's Board (township) for a cartway under Minn.Stat. § 164.08 to gain access to the level, five-acre tract in order to plat it for a subdivision appropriate for construction of single-family homes.[1] Kennedy petitioned for a route "from the northern edge of Wabasha county 10 across the land owned by [Pepin Heights] to the southern edge of [Kennedy's] property...." Kennedy did not seek access to the lower portion of his property.

The evidence presented at the public hearing on Kennedy's petition established that no buildable area of Kennedy's property can be accessed by a cartway across Nielson's land, and it is impractical and economically unfeasible to construct a cartway across Nielson's land to the level tract at the top of the bluff. Three routes for a cartway that would provide access to the level tract across Pepin Heights property were described to the township, but the evidence established that the route peti-

---

1. At the public hearing on his petition, Kennedy asserted that he does not intend to subdi- vide the land, but wants to keep it in his family for the use of his children.

tioned for, using the existing gravel road and field access across Pepin Heights, is the most feasible of the three routes involving Pepin Heights.

 Nielson informed the township that he did not oppose establishment of a cartway on his property. Pepin Heights, which is involved with the University of Minnesota in developing and protecting patented apples, opposed a cartway across its property, arguing it is a threat to the security of their operation, disruptive, and an unconstitutional taking.[2]

Wabasha County Engineer Dietrich Flesch visited the site and wrote a letter to the township opining that the Nielson route is the "most desirable" access to Kennedy's land but would not provide access to the level acreage on top of the bluff. Flesch advised the township that a cartway though the Pepin Heights property, while providing access to the top of the bluff, would require construction of more than a one-half mile-long road and "would be very disruptive to and divide current property." Flesch estimated construction costs of this cartway route to be $100,000, compared to his estimate of $5,000 to $10,000 for the Nielson route.[3]

The township concluded that Kennedy's property is landlocked, and Kennedy is entitled to the establishment of a cartway. But the township, concluding that the statute does not entitle Kennedy to a cartway to a particular portion of his property and that the most desirable cartway access to Kennedy's "tract of land" is the Nielson route, granted the cartway across Nielson's property. Kennedy appealed, argu-

ing that denial of a cartway providing access to the five-acre buildable tract of land was arbitrary, capricious, and based on an erroneous theory of law.

## ISSUE

Did the township act arbitrarily or capriciously or on an erroneous theory of law by rejecting Kennedy's petition for a cartway to the only useable portion of his land and concluding that the statutory mandate was fulfilled by granting a cartway over an alternate route connecting Kennedy's unusable land at the bottom of the bluff to Highway 61, leaving him without possibility of public road access to the only useable portion of his property?

## ANALYSIS

 A town board acting on a petition for the establishment of a cartway acts in a legislative capacity, and its decision will not be set aside by a court on statutory appeal unless the evidence is practically conclusive against it, or the board proceeded on an erroneous theory of law, or the board acted arbitrarily and capriciously against the best interests of the public. *Lieser v. Town of St. Martin,* 255 Minn. 153, 158–59, 96 N.W.2d 1, 5–6 (1959).

Minn.Stat. § 164.08, subd. 2(a), provides in relevant part:

> Upon petition presented to the town board by the owner of a tract of land containing at least five acres, who has no access thereto except over a navigable waterway or over the lands of others, ... the town board by resolution shall establish a cartway at least two rods

---

2. Establishment of a cartway under Minn. Stat. § 164.08, is an exercise of eminent domain. *Silver v. Ridgeway,* 733 N.W.2d 165, 169 (Minn.App.2007). Establishment of a cartway creates a public road and does not violate the constitutional prohibition against taking private property for a private use. *Id.*

3. Kennedy has agreed to pay all costs associated with establishing the cartway, including fences and gates to protect Pepin Heights's property.

wide connecting the petitioner's land with a public road.... The town board may select an alternative route other than that petitioned for if the alternative is deemed by the town board to be less disruptive and damaging to the affected landowners and in the public's best interest.

To support its decision to give Kennedy highway access only to an unusable portion of his property, the township relies on the definition of "tract" contained in taxation statutes to argue that "tract of land" in the cartway statute refers exclusively to Kennedy's entire 26.6 acre parcel: " 'Tract,' 'lot,' 'parcel,' and 'piece or parcel' of land means any contiguous quantity of land in the possession of, owned by, or recorded as the property of, the same claimant or person." Minn.Stat. § 272.03, subd. 6(a) (2008) (defining terms pursuant to Minn. Stat. § 272.03, subd. 3, for purposes of chapters 270 to 284). The township provides no authority for transporting this definition from the tax code to the cartway statute, but even if such authority existed, the definition does not define "tract" as the *total* contiguous quantity of land owned by one person. Black's Law Dictionary defines "tract" as "a specified parcel of land." 1499 (7th ed. 1999). We conclude that "tract of land" as used in the cartway statute can reference less than the total quantity of contiguous land owned by one person.

In *State ex rel Rose v. Town of Greenwood*, 220 Minn. 508, 513–14, 20 N.W.2d 345, 347–48 (1945), two of a property owner's contiguous seven lots were cut off from access to a public road by a lake. The supreme court held that a town could be compelled to establish a cartway connecting those two lots to a public road despite public road access to another portion of petitioner's property. *Id.* at 516–17, 20 N.W.2d at 349. A logical inference to be drawn from *Rose* is that when one portion of usable, landlocked property cannot be accessed due to the nature of the property, the access requirements of the cartway statute are not fulfilled even though another portion of the property is accessible.

In this case, because Kennedy has a tract of land containing at least five acres at the top of the bluff that cannot be accessed except over the lands of others even if public road access exists to the unuseable property at the bottom of the bluff, we conclude that Kennedy is entitled to a cartway connecting the buildable portion of his property to a public road. The route adopted by the township does not fulfill the requirements of the cartway statute.

## DECISION

Because the township established the cartway over a route that does not give Kennedy access to the buildable portion of his property, we conclude that the township's decision was arbitrary and capricious and based on an erroneous theory of law. We remand this matter to the township for the establishment of a cartway over the route proposed in Kennedy's petition, which the evidence shows is the most reasonable route to the useable portion of Kennedy's property.

**Reversed and remanded.**