*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1329**

Richard Eugene Heggemeyer,
Appellant,

vs.

Town Board of Supervisors,
Spalding Township,
Aitkin County, MN,
Respondent.

**Filed May 11, 2015
Affirmed
Peterson, Judge**

Aitkin County District Court
File No. 01-CV-13-1016

David R. Warner, Jr., McGregor, Minnesota (for appellant)

Tim A. Strom, Hanft Fride, P.A., Duluth, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges the summary-judgment dismissal of his petition for a writ of mandamus, arguing that respondent should be compelled to grant him a cartway without

conditions that provides meaningful access to his landlocked real property. Because mandamus is not the proper remedy for appellant, we affirm.

**FACTS**

In November 1999, respondent town board of Spalding Township granted appellant Richard Eugene Heggemeyer a cartway under Minn. Stat. § 164.08, subd. 2 (1998), to connect his landlocked property to a public road. The route of the cartway ran along and across property owned by Martin and Linda Berg. Heggemeyer began efforts to have an access road constructed on the cartway approximately a decade later. The Aitkin County Soil and Water Conservation District then informed him that the construction would impact a significant amount of wetland and required approvals and wetland replacement. The district predicted that it would be difficult for Heggemeyer to obtain the necessary approvals and that, if he did obtain the approvals, the cost involved with wetland replacement would likely exceed the cost of constructing the access road. The district recommended that Heggemeyer explore other alternatives for an access road.

Heggemeyer then petitioned the town board for alteration of the cartway under Minn. Stat. § 164.07 (2008). In June 2010, the town board granted an alteration of the cartway to a different route that also ran along and across the Bergs' property, but the alteration was subject to the conditions

> (1) that the exact legal description of said altered cartway shall be determined by a survey obtained at the expense of [Heggemeyer]; (2) that said altered cartway shall meet with the approval of the Aitkin County Soil and Water Conservation District; (3) that said altered cartway shall be constructed with ditches on both sides, culverts where

2

necessary and be passable by a motor vehicle; and (4) that said altered cartway shall be completed by July 1, 2012.

If those conditions were met, the altered cartway would replace the cartway established in 1999. If the conditions were not met, the alteration of the cartway would be vacated, and Heggemeyer would retain the 1999 cartway. A supervisor on the town board later explained that the main reason for requiring that construction be completed by July 2012 was:

> Mr. Heggemeyer had previously allowed nearly a decade to pass without starting construction on the 1999 cartway. The Town Board did not want to put itself, future Town Boards, or the Bergs in the position of having to revisit this situation a third time in the future. Additionally, Mr. Berg, who raised livestock on his land, planned to erect some fencing after the cartway was constructed, and did not want construction to be delayed indefinitely. The Town Board believed that allowing two years for construction gave Mr. Heggemeyer adequate time to construct the cartway while, at the same time, protected the Bergs and the Town Board against having this situation drag on into the indeterminate future.

Heggemeyer has acknowledged that he agreed to the condition that construction be completed by July 2012.

Heggemeyer did not complete construction on the altered cartway by July 2012, and the town board vacated the alteration of the cartway, leaving Heggemeyer with the cartway established in 1999. Heggemeyer requested an extension of time to complete construction, but the town board denied that request. Heggemeyer asked the Berg family for a private easement along the route of the altered cartway, but that request was also denied.

3

Heggemeyer then filed a petition in district court for a writ of mandamus, requesting that the town board be compelled to "provide [him] with a Cartway, without condition, providing [him] meaningful access to his property or to show cause why such should not be done."  The district court granted the town board's motion for summary judgment, denied Heggemeyer's petition for a writ of mandamus, and dismissed the matter with prejudice, concluding that mandamus was not the proper remedy for Heggemeyer.  This appeal followed.

## DECISION

A motion for summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."  Minn. R. Civ. P. 56.03.  The party moving for summary judgment has the burden to show that a grant of its motion is appropriate.  *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).  But the party opposing summary judgment "may not rest upon the mere averments or denials of the adverse party's pleading but must present specific facts showing that there is a genuine issue for trial."  Minn. R. Civ. P. 56.05.  A grant of summary judgment is reviewed de novo to determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *LaMont v. Indep. Sch. Dist.*, 814 N.W.2d 14, 21 (Minn. 2012).

"The writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty

4

resulting from an office, trust, or station." Minn. Stat. § 586.01 (2014). Mandamus is "an extraordinary legal remedy granted on equitable principles." *McIntosh v. Davis*, 441 N.W.2d 115, 118 (Minn. 1989); *see also* Minn. Stat. § 586.02 (2014) (stating that a writ of mandamus may not be issued "in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law"). A writ of mandamus "may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but it cannot control judicial discretion." Minn. Stat. § 586.01; *see also Mendota Golf, LLP v. City of Mendota Heights*, 708 N.W.2d 162, 174 (Minn. 2006) (stating that it is also improper to use mandamus to interfere with the exercise of legislative discretion). Mandamus may be used "to compel the performance of an official duty clearly imposed by law" and "to compel the exercise of discretion when that exercise is required by law," but may not be used to "control the particular manner in which a duty is to be performed" or to "dictate how discretion is to be exercised." *Mendota Golf*, 708 N.W.2d at 171.

Heggemeyer argues that mandamus is the appropriate remedy in this case because the town board is required to establish a cartway that provides him meaningful access to his property, such that action by the town board is not discretionary. The cartway statute states:

> Upon petition presented to the town board by the owner of a tract of land containing at least five acres, who has no access thereto except over a navigable waterway or over the lands of others, or whose access thereto is less than two rods in width, the town board by resolution *shall* establish a cartway at least two rods wide connecting the petitioner's land with a public road.

5

Minn. Stat. § 164.08, subd. 2(a) (2014) (emphasis added). "'Shall' is mandatory." Minn. Stat. § 645.44, subd. 16 (2014). And the supreme court has explained that "[i]f a selected route [for a cartway] does not provide meaningful access to a tract of land, then it fails to satisfy the requirement that a cartway be provided." *Kennedy v. Pepin Twp. of Wabasha Cnty.*, 784 N.W.2d 378, 383 (Minn. 2010).

But the town board granted Heggemeyer a cartway in 1999, and he did not challenge that decision. Instead, Heggemeyer petitioned for alteration of his cartway under Minn. Stat. § 164.07, which states that "[a]ny town board *may* alter . . . a town road upon a petition of not less than eight voters of the town." (Emphasis added.); *see also* Minn. Stat. § 645.44, subd. 15 (2014) ("'May' is permissive."). A writ of mandamus cannot be used to control the manner in which the town board exercised this discretion.

Heggemeyer contends that, if the town board's decision to grant an altered cartway subject to conditions is not reviewable in a mandamus action, then he had no way to seek review of that decision. But the supreme court has also explained that a town board acting on a cartway petition acts in a legislative capacity. *Kennedy*, 784 N.W.2d at 381. Legislative decisions by local government bodies may be challenged in district court. *Dead Lake Ass'n v. Otter Tail Cnty.*, 695 N.W.2d 129, 134 (Minn. 2005); *see also In re Application of Merritt*, 537 N.W.2d 289, 290 (Minn. App. 1995) (stating that a legislative decision of a governing board is reviewed through a declaratory judgment action). Heggemeyer could have obtained review of the town board's decision to grant

6

an altered cartway subject to conditions by bringing a declaratory judgment action in district court.

**Affirmed.**